# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM S32405

_____

### UNITED STATES
*Appellee*

**v.**

### Andrew L. MORALES
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 7 July 2017

_____

*Military Judge:* Joseph S. Imburgia.

*Approved sentence:* Bad-conduct discharge, 3 months of confinement, and reduction to the grade of E-1. Sentence adjudged 22 March 2016 by SpCM convened at Malmstrom Air Force Base, Montana.

*For Appellant:* Major Annie W. Morgan, USAF; Captain Patricia Encarnación Miranda, USAF.

*For Appellee:* Major Amanda L.K. Linares, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and HARDING, *Appellate Military Judges*.

Senior Judge J. BROWN delivered the opinion of the court, in which Chief Judge DREW and Judge HARDING joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

_____

J. BROWN, Senior Judge:

At a special court-martial composed of military judge sitting alone, Appellant was convicted, consistent with his pleas and a pretrial agreement, of two charges with four total specifications of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§ 928, and one charge with a single specification of drunk and disorderly conduct in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a bad-conduct discharge, three months of confinement, and reduction to the grade of E-1. The convening authority deferred the automatic forfeitures prior to action on the case. The convening authority subsequently approved the sentence as adjudged.

On appeal, Appellant asserts that his sentence is inappropriately severe.[2] Finding no relief is warranted, we affirm the findings and sentence.

## I. BACKGROUND

Appellant's troubles began in, and were confined to, the early morning hours of 1 January 2016. Appellant elected to attend an all-you-can-drink New Year's event at a local bar in Great Falls, Montana. While there, he made the ill-fated decision to drink at least five beers and five shots of alcohol. He was extremely intoxicated and became incoherent and indiscriminately belligerent. Based on his behavior and level of intoxication, Appellant was asked by the staff at the bar to leave. When he left the bar, he initially got into a vehicle that did not belong to him. After exiting the vehicle, he slipped on the ice and fell, remaining there until two other non-commissioned officers helped him to his feet. The staff at the local bar contacted Airmen Against Drunk Driving (AADD) to give Appellant a ride home.

AADD dispatched Airman First Class (A1C) NT, a 22-year old female, to the bar to pick up Appellant. In addition to Appellant, A1C NT also picked up two intoxicated Senior Airmen. While in the car, Appellant repeatedly grabbed and touched A1C NT's leg and upper thigh. Each time, A1C NT told him to stop and, on the last time, told him that he was being unprofessional. While standing outside the car, Appellant also grabbed A1C NT from behind in an embrace and reached inside her jacket and squeezed one of her breasts with his hand. On another occasion that night, Appellant kissed her on the lips without her consent.

In response to Appellant's escalating sexualized behavior toward A1C NT, one of the two Senior Airmen attempted to intervene. Appellant then became physically aggressive towards that Senior Airman. While they were both in

---

[1] Pursuant to the pretrial agreement, Appellant pleaded not guilty to two specifications of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920, but guilty to the lesser-included offense of assault consummated by battery in violation of Article 128, UCMJ, 10 U.S.C. § 928. There was no Appendix or sentence limitation in the pretrial agreement.

[2] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

A1C NT's car, Appellant swung his fist at the Airman and struck him in the face. A1C NT, in an effort to diffuse the situation, stopped the car and asked the person he hit to get out. She then was able to drive Appellant home.

In clemency, Appellant's only request was that he either be released from confinement with time served or that the remaining portion of his confinement be commuted to hard labor without confinement. A1C NT, the primary victim, submitted a letter to the convening authority supporting Appellant's early release from confinement and asserted that she was "in no way traumatized by what happened and [she] believe[d] that his reduction to E1 and the fact that he is being discharged [was] more than sufficient punishment." Appellant, however, ultimately completed his adjudged confinement prior to action by the convening authority, and the convening authority approved the sentence as adjudged.

## II. DISCUSSION

Appellant, pursuant to *Grostefon*, 12 M.J. 431, asserts that his sentence is inappropriately severe for three reasons: (1) his more than ten years of honorable service; (2) the primary victim's (A1C NT) belief that the sentence was too severe; and (3) that the incidents occurred on a single night and were inconsistent with his character when he was sober. While we acknowledge that this may be a compelling argument for clemency, that is not our role, and we find that the sentence is not inappropriately severe.

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The maximum authorized sentence for Appellant's offenses was a bad-conduct discharge, confinement for 12 months, forfeiture of two-thirds pay per month for 12 months, and reduction to the grade of E-1. Appellant negotiated a pretrial agreement whereby the Government dismissed the greater offense in the two specifications involving abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920, but imposed no sentence limitations.

Thus, the approved sentence was within the discretion of the convening authority.

We have given individualized consideration to this Appellant, his conduct, his military career and accomplishments, and the other relevant matters within the record of trial. We recognize that Appellant's crimes were apparently out-of-character for him and attributable in significant part to his severe intoxication. His voluntary intoxication, however, cannot excuse his conduct that evening. He repeatedly accosted a lower-ranking female who was dispatched to assist him and provide him a ride home. When another Airman came to her defense, Appellant struck him in the face. Recognizing that we are prohibited from providing clemency, we find the approved sentence is not inappropriately severe.[3]

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED.**

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

[3] In so concluding, we recognize that sentence appropriateness under Article 66(c), UCMJ, 10 U.S.C. § 866(c), is distinct from whether the Secretary of the Air Force may review the case and determine if any relief is warranted under Article 74(b), UCMJ, 10 U.S.C. § 874(b).